THE MILLEDGEVILLE MANUFACTURING COMPANY *vs.* ETHERIDGE.

If it be true that parties are entitled to a special jury, taken from the grand jury, to try an appeal coming from a justice's court to the superior court, such right is waived by selecting, without objection, a jury from the petit juries instead of the grand jury; and after a jury has thus been selected in due form, it is too late to demand another.

Appeal. Jury. Practice in the Superior Court. Waiver. Before Judge LAWSON. Baldwin Superior Court. February Term, 1879.

This case came to the superior court on appeal from the justice's court of the 320th district, G. M. The jury was stricken from the two regular panels of petit jurors. Before proceeding to strike, it having appeared that one of the

jurors was related to the plaintiff, his name, at the request of counsel for the defendant, was stricken, and that of another juror substituted. A portion of the stricken jury being engaged in the trial of another case, and it being late in the afternoon, the court took a recess until the next morning. When defendant's counsel appeared, before the stricken jury was impaneled, the case opened, the pleadings read, or any evidence introduced, he objected, in writing, to the trial of the case before a traverse jury selected from the petit jurors, and demanded a special jury to be selected from the grand jury. The objection was overruled, and the demand refused.

The jury found for the plaintiff. The defendant moved for a new trial, alleging error in the ruling as above stated. The motion was overruled, and he excepted.

W. W. WILLIAMSON, by brief, for plaintiff in error.

SANFORD & FURMAN, by brief, for defendant.

BLECKLEY, Justice.

Case called, parties make announcement of ready, list of the twenty-four petit jurors is furnished by the clerk, one of the jurors on the list is challenged for cause on the ground of relationship to one of the parties, the court allows the challenge, a talesman is furnished to take the disqualified juror's place, each party then strikes off six names from the list, and the remaining twelve are thus selected to try the cause. All this consumes time, and involves the co-operation of one party with the other, and of the court with both. Can one of the parties demand, afterwards, that a list of the grand jury be furnished, and that a jury for the trial shall be stricken from that list? We think not. It is not certain that the grand jury list is the only proper one from which to strike a special or traverse jury for the trial of an appeal from a justice's court, but if it were, there is no doubt that the petit jurors are competent

to constitute such a jury, where they are accepted by both parties without timely objection. Certainly any right to have the jury taken from the grand jury can be waived, and, in this case, what was done was a waiver; full and complete.

Judgment affirmed.